Per Curiam.

Appellants contend that the purchases of the milk coolers and water heater were excepted from the sales tax under Section 5739.01, Revised Code, because the things purchased are used directly in the production of personal property for sale by processing or farming; and that, without the rapid cooling system and water heater to clean the equipment, the unmarketable raw milk as it is taken from the cows can not be converted into a marketable product, grade A milk.
The Tax Commissioner contends that the bulk milk cooler is a storage facility only, where milk is kept until picked up by the dairy which purchases it; that nothing occurs during the cooling and storage of the milk which would convert it into a different state or form from which it was in at the time it was taken from the cow; and that the water heater is not used primarily for scalding milking equipment.
In an appeal from a decision of the Board of Tax Appeals to this court, close questions of fact are frequently presented. It is not the function of this court to substitute its judgment for that of the board on factual issues but only to determine from an examination of the entire recGrd whether the decision reached by the board is unreasonable or 'unlawful. Hercules Galion Products, Inc., v. Bowers, Tax Commr., 171 Ohio St., 176; Standard, Oil Co. v. Peck, Tax Commr., 163 Ohio St., 63.
From an examination of the records in these cases, this court is of the opinion that the decisions of the board are not unreasonable or unlawful. The decisions are, therefore, affirmed.

Decisions affirmed,

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and Herbert, JJ., concur.
Peck, J., concurs in cause No. 36475.